IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23 CR 718 MTS SPM |
| | ) |
| SIDDHARTH JAWAHAR, | ) |
| | ) |
| Defendant. | ) |

### THE UNITED STATES OF AMERICA'S SUPPLEMENT TO ITS MOTION FOR PRETRIAL DETENTION

The United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Derek J. Wiseman, Assistant United States Attorney for said District, supplements its earlier Motion to Detain Defendant Siddharth Jawahar based on recent evidence that he presents a substantial obstruction of justice risk under Title 18, United States Code, Section 3142(f)(2)(B). In support, the United States provides the following.

**I.  Defendant has recently demonstrated that he presents a substantial obstruction of justice risk and that no combination of conditions can assure his appearance or the safety of the community.**

Under the Bail Reform Act, a defendant must be detained where—as here—the case involves a serious obstruction of justice risk, and no conditions can reasonably assure his appearance or the safety of the community. *See* 18 U.S.C. § 3142(f)(2)(B) ("The judicial officer shall hold a [detention] hearing . . . in a case that involves - - a serious risk that such person will obstruct or attempt to obstruct justice"); 18 U.S.C. § 3142(e)(1) (the "judicial officer shall order the detention of the person . . . [i]f, after a [detention] hearing . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community"). In addition to the previously articulated, independently sufficient reasons to detain Defendant, he must also be detained because

he has recently demonstrated that he presents a substantial obstruction of justice risk and that no combination of conditions can assure his appearance or the safety of the community.

The United States recently discovered that Defendant engaged in witness tampering—on a recorded jail call—after his arrest in this case. Indeed, after Defendant's arrest, he called a victim in this case (Victim S.E.) on January 18, 2024. During Defendant's recorded jail call with Victim S.E., Defendant asked Victim S.E. about Victim S.E.'s interview with the FBI. In response, Victim S.E. informed Defendant that Victim S.E. had an upcoming interview with the FBI. Immediately after Victim S.E. mentioned his upcoming interview with the FBI, Defendant told Victim S.E. to "**be dedicated**." According to Victim S.E.'s later statement to the FBI, Victim S.E. understood Defendant's directive to "be dedicated" as a request that Victim S.E. provide only limited information to the FBI and to not throw Defendant under the bus.

In addition to witness tampering, Defendant's recorded jail calls also included multiple admissions to his associates that he lied to this Court about being indigent. During one recorded jail call, Defendant had the following conversation:

| | |
|---|---|
| **Defendant**: | The total would be $100K to get this whole case done? |
| **Associate #1**: | Flat rate. Yea. |
| **Defendant**: | Ok. I have money, and I can't say too much on this phone right. So I have money. I just need to not be in this thing to get access to it. |

In another recorded jail call, Defendant had a similar conversation with another one of his associates:

| | |
|---|---|
| **Defendant**: | The retainer will be more than that, but this is just so that they can be a part of the initial process. Could be 25, 50 or 100 [thousand dollars]. |
| **Associate #2**: | But how will that get covered? |
| **Defendant**: | I have resources, right. I'm just gonna have to tell you how to get it. |

2

| | | |
|---|---|---|
| **Associate #2**: | | Yea ok. |
| **Defendant**: | | I have money in different areas. But it's just, have to be smart about it. |

These admissions by Defendant—that he actually does have substantial sums of money—stand in stark contrast to his sworn statement to this Court that he less than $2,500.00. *See* Doc. 14.

The United States has also recently learned that—shortly after his arrest—Defendant lied to the Pretrial Services Office in the Southern District of Florida about his immigration status. In fact, Defendant told the Pretrial Services Officer in Florida that he was a "legal permanent resident of the United States." *See* Doc. 21-1, p. 1. But Defendant knew that was not true. Indeed, during another recorded jail call with Associate #2, Defendant admitted that he did not have any lawful status here in the United States.

Through his own recent actions, Defendant has conclusively demonstrated that he must be detained prior to trial. In short, there can be no combination of conditions that will reasonably assure his appearance or the safety of the community. For all of the reasons listed here—together with the reasons in the original Motion for Detention—the United States respectfully requests detention.

Respectfully submitted,

SAYLER A. FLEMING
UNITED STATES ATTORNEY

*/s/ Derek J. Wiseman*
DEREK J. WISEMAN
ASSISTANT UNITED STATES ATTORNEY
Thomas F. Eagleton Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200