**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:23-cr-00718-MTS/SPM |
| | ) | |
| SIDDHARTH JAWAHAR, | ) | |
| | ) | |
| Defendant. | ) | |

# MOTION TO REVOKE THE MAGISTRATE'S ORDER OF DETENTION

COMES NOW Defendant Siddharth Jawahar, by and through his undersigned counsel, and respectfully requests that this Court, pursuant to 18 U.S.C. §3145(b) and Federal Rule of Criminal Procedure 59, revoke the Order of Detention Pending Trial (DCD_32) imposed by the Hon. Patricia L. Cohen, U.S. Magistrate Judge. Mr. Jawahar further requests expedited consideration of this request, which requires that such motions be determined promptly. For and in support of his motion to revoke the Magistrate's order of detention, Mr. Jawahar states as follows:

1. On March 6, 2024, following an evidentiary hearing which had been conducted the week before, Judge Cohen entered an order of detention remanding the Defendant into the custody of the U.S. Marshal Service to be detained pending trial. (See DCD_32).[1]

2. In advance of the issuance of the order of detention, a variety of materials were provided to the Magistrate Judge, including: the original motion for detention by the Government

[1] The indictment in this matter was filed on December 20, 2023 (DCD_1). Defendant had an initial appearance in this District on February 8, 2024 (DCD_10) and was held on an order of temporary detention premised upon the Government's motion to detain (DCD_4). A detention hearing was held on February 16, 2024 (DCD_24).

(DCD_4) and a supplemental motion (DCD_22); three bail reports by U.S. Pretrial Services (DCD_21, 21-1, 26, and 30); memoranda in opposition to detention by the Defendant (DCD_23, 28). The Court conducted a hearing on the question of detention. (DCD_24). The Defendant also filed Objections to the Bail Report (DCD_28).

3. The order of detention (DCD_32) sets forth a variety of rationales for the Court's conclusion that no condition(s) will reasonably assure Defendant's appearance including (a) that Defendant lied about or obscured facts about his home plan, immigration status, and finances; (b) that Defendant lacks ties to this country and is an undocumented immigrant with an ICE detainer; and (c) that Defendant threatened a witness on a jail call.

4. The Magistrate Judge found "that the Government proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance as required" (DCD_32, p. 5) and "that the Government has proved by a preponderance of the evidence that there is a serious risk Defendant will flee" (*Id*. at p. 6).

5. The findings of the Magistrate Judge are not supported by a preponderance of the evidence before the Court.

6. Defendant presented sufficient evidence to show that he does not pose a "serious" risk of flight, including: (a) that he lacks a passport, having surrendered it to U.S. immigration authorities; (b) that he has a history of properly appearing in court at immigration and civil proceedings; (c) and that Defendant has ties to the United States, having lived here for 19 years.

7. The Government did not offer any evidence that Defendant used aliases, made efforts to avoid arrest, has any hidden assets, or that he has any intention or has made any efforts to flee.

8. The Government did not make a sufficinet showing that condition(s) would not reasonably assure Defendant's appearance.

9. The Magistrate Judge did not make any finding regarding dangerousness or a need to protect the community.

10. There are conditions of release which would reasonably assure Defendant's appearance, including electronic monitoring, house arrest, and/or the payment of a bond.

11. Title 18 U.S.C. §3145(b) provides that, "If a person is ordered detained by a magistrate judge…the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly."

12. Defendant asks the District Court to review the decision of the Magistrate, revoke the order of detention imposed on March 6, 2024, and order his pre-trial release with whatever conditions the Court feels are appropriate to satisfy the requirements of the Bail Reform Act.

WHEREFORE, Defendant respectfully requests that the District Court reconsider the order of detention entered by Judge Cohen and order his release pending the trial of this matter; and for such further relief as the Court may deem just and proper in the premises.

Respectfully submitted,

NEWTON BARTH, L.L.P

By: */s/ Talmage E. Newton IV*
Talmage E. Newton IV, MO56647
talmage@newtonbarth.com
555 Washington Ave., Ste. 420
St. Louis, Missouri 63101
(314) 272-4490 - Office
(314) 762-6710 - Facsimile

*Attorney for Defendant Jawahar*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was electronically served on all parties of record and filed with the court via the court's e-filing System on this 19th day of March 2024.

*/s/ Talmage E. Newton IV*