**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:23-cr-00718-MTS/SPM |
| | ) | |
| SIDDHARTH JAWAHAR, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO REVOKE THE MAGISTRATE'S ORDER OF DETENTION**

COMES NOW Defendant Siddharth Jawahar, by and through his undersigned counsel, and pursuant to Local Rule 4.01, files this memorandum in support of his Motion to Revoke the magistrate's Order of Detention, stating as follows:

## Introduction

"In our society liberty is the norm and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The Bail Reform Act of 1984 provides that a defendant must be released on their personal recognizance or upon execution of an unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b); *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996). Under the United States Constitution, a person accused of a crime enjoys a presumption of innocence. *Coffin v. United States*, 156 U.S. 432, 453, (1895); *In re Winship*, 397 U.S. 358, 363 (1970); U.S. CONST. amend. V; U.S. CONST. amend. XIV. In addition to the presumption of innocence, the accused person also enjoys the right not to be held in custody unless the prosecution meets its burden to show that a person poses a risk of fleeing, or otherwise poses a danger to

persons or the community. U.S. Const. amend. VIII; 18 U.S.C. § 3142; *United States v. Kisling*, 334 F.3d 734 (8th Cir. 2003).

Detention is proper when a judicial officer finds that "**no condition or combination of conditions** will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e) (emphasis added); *Miller v. Hastings*, 87 Fed. Appx. 585, 586 (7th Cir. 2004). The Government bears the burden of proving that the defendant is either a flight risk or a danger to the community. *United States v. Daniels*, 772 F.2d 382, 383 (7th Cir. 1985). The Government must establish flight risk by the preponderance of evidence, and dangerousness by clear and convincing evidence. *United States v. Portes*, 786 F.2d 758, 7 (7th Cir. 1985).

## Legal Argument

I. The District Court Reviews the Magistrate's Order De Novo

"When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585–86 (5th Cir. 1992); *see also United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (en banc).

II. The Charge in the Indictment Requires a Presumption in Favor of Release

The Bail Reform Act does not modify or limit the presumption of innocence, and neither does the charging statute in this case. *See* 18 U.S.C. § 3142(j). Congress has specified that some charges raise a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance and the safety of the community. *See* 18 U.S.C. § 3142(e)(3). Thus, the District Court should begin the analysis by presuming that Mr. Jawahar should be released pre-trial.

## III. The Government Did Not Make a Threshold Showing That Defendant Presents a Serious Risk of Flight

To ensure that pretrial detention would continue to be an exception, and not the norm, Congress limited the categories of cases eligible for pretrial detention to those listed in 18 U.S.C. § 3142(f), including crimes of violence, Class A felonies, drug-trafficking offenses, offenses that involve minor victims, firearms, and destructive devices.[1] Congress excluded fraud offenses from that list.[2] Because Congress excluded fraud offenses from subsection (f)(1), there's only one mechanism to hold a detention hearing in this case: the Government had to clear the evidentiary threshold under (f)(2). Under subsection (f)(2), the Court performs a threshold inquiry that asks two questions: (1) is there a "serious risk" that the defendant will flee," i.e., intentionally "avoid court proceedings?"[3] or (2) is there a "serious risk" the defendant will obstruct justice, threaten witnesses, or threaten jurors?[4] The Court's first and most important inquiry under the Bail Reform Act is whether a detention hearing is authorized on either of these grounds. Through this threshold inquiry, the Bail Reform Act "performs a gate-keeping function by "limit[ing] the circumstances under which [pretrial] detention may be sought to the most serious of crimes." *Salerno*, 481 U.S. at 755. Accordingly, the analysis under § 3142(f)(2) isn't a

---

[1] *See also United States v. Twine*, 344 F.3d 987, 987 (9th Cir. 2003); *United States v. LaLonde*, 246 F. Supp. 2d 873, 875 (S.D. Ohio 2003) ("[T]he requisite circumstances for invoking a detention hearing in effect serve to limit the types of cases in which detention may be ordered prior to trial.").

[2] Jefri Wood, The Bail Reform Act of 1984 - Fourth Edition, The Federal Judicial Center, https://www.fjc.gov/content/373297/bail-reform-act-1984-fourth-edition, last accessed on March 13, 2024 ("if a case does not involve any of the factors in section § 3142(f) that authorize a detention hearing, release is mandatory, subject to certain terms and conditions").

[3] *See* The Bail Reform Act of 1984 – Fourth Edition at 18 ("The inquiry under (f)(2), however, is not categorical but rather requires an individualized assessment of the particular defendant—whether this defendant is a serious risk to flee . . .") (emphasis in original).

[4] *See* 18 U.S.C. § 3142(f)(2)(B).

perfunctory procedural stop on a path towards a detention hearing; rather, it's "a significant step in the criminal process"—one where the judicial officer "verifies" there is "sufficient information to show" that "(f)(2) applies to the defendant."[5]

To clear the evidentiary threshold imposed by (f)(2)(A), the Government must present "concrete information", not "mere conclusory assertions." *Unites States v. White*, 2021 WL 2155441 at *7 (M.D. Ten. May 27, 2021) (noting that, under (f)(2)(A), courts look for "concrete information proffered by the Government, and not mere conclusory assertions"); see also *United States v. Himler*, 797 F.2d 156, 162 (3d Cir. 1986) ("Mere opportunity for flight is not sufficient grounds for pretrial detention."). "Relevant factors that support a serious risk finding include the use of a number of aliases, unstable residential ties to a community, efforts to avoid arrest, or hidden assets." *United States v. Giordano*, 370 F.Supp.2d 1256, 1262 (S.D. FL 2005) citing *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).

Danger plays no role in the threshold inquiry under (f)(2)(A).[6] This means that if the government is unable to adequately demonstrate that the defendant presents a serious risk of flight, obstruction, or threats to witnesses and jurors, then the defendant "must be released, notwithstanding alleged dangerousness."[7] Moreover, the inquiry must be performed independently of the Court's assessment as to whether release conditions can and should be

---

[5] The Bail Reform Act of 1984 – Fourth Edition at 18.

[6] *See* The Bail Reform Act of 1984 – Fourth Edition at 20-21 ("Danger to the community' or a general allegation of dangerousness, for example, which is a factor to be considered during a detention hearing, is not a factor under section 3142(f) that authorizes a detention hearing to be held in the first place.") (emphasis added); *see also United States v. Twine*, 344 F.3d 987, 987 (9th Cir. 2003). ("We are not persuaded that the [BRA] authorizes pretrial detention without bail based solely on a finding of dangerousness. This interpretation of the Act would render meaningless 18 U.S.C. 3142(f)(1) and (2).")

[7] *Id.*

fashioned. Even if the Court does not believe that the defendant will succeed in complying with release conditions, the Bail Reform Act may nevertheless compel release under (f)(2) based on the Government's inability to demonstrate a serious risk of flight or obstruction.

The Government should only be able to meet its burden in "extreme and unusual cases."[8] In the majority of cases, the Government will not be able to demonstrate that a defendant's risk of flight is beyond the ordinary risk of flight seen in every case, and a detention hearing will not be authorized. If a detention hearing is not authorized, then the Court must immediately release the defendant on their personal recognizance or on such conditions as the Court determines are the least restrictive necessary to reasonable assure the appearance of the defendant and the safety of the community.

If the Court finds that a detention hearing is authorized, the Court must move to the second step of the analysis and determine whether any condition or combination of conditions will reasonably assure the defendant's appearance as required. See 18 U.S.C. § 3142(e). The Court must weigh the factors listed at 18 U.S.C. § 3142(g) while keeping in mind that "doubts regarding the propriety of release [should] be resolved in favor of the defendant." *See United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985). That principle is reflected in the burden of proof: there must be clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community,[9] and there must be a "clear preponderance" of the evidence

[8] See Bail Reform Act of 1983: Rep. of the Comm. On the Judiciary, S. Rep. 98-225 (1983) (noting the First Circuit's decision in *United States v. Abrahams*, 575 F.2d 3, 8 (1st Cir. 1978) accurately captures how often the serious flight risk standard under (f)(2)(A) gets satisfied: in "extreme and unusual" cases).

[9] *See* § 3142(f)(2)(B).

that no condition or combination of conditions will reasonably assure the defendant's appearance.[10]

IV. The Finding of Flight Risk in the Order of Detention Is Not Supported by a Preponderance of the Evidence

The Government did not offer any sworn testimony regarding the Defendant's conduct. Rather, the Government presented several unsupported allegations, such as that the Defendant flew (at some time in the past) on private jets. No testimony, evidence, or exhibits were offered showing the existence of a "Ponzi scheme," although the Magistrate found that the "[w]eight of evidence against the defendant is strong." The Government also managed to convince the Magistrate to infer that Defendant lied to Pretrial Services in Florida about his immigration status, and that he attempted to "persuade" a victim over a jail telephone, although Defendant provided information refuting both allegations. The phone calls offered by the Government speak for themselves, and do not show what the Government claims they show. The Magistrate also focused on Defendant's immigration status, which, as briefed by Defendant before the detention order, is not an appropriate basis upon which to find a serious flight risk. The Magistrate discounted information provided by the Defendant that his father—who resides in India and is a lawyer in that country—would support him financially if released pending trial, on the basis that Defendant did not disclose this family support to Pretrial Services. Of course, the Defendant was not able to provide information not yet available to him, as arrangements for financial support from his father were not immediately available upon his arrest. While insinuating that Defendant lied about his financial assets, the Government was unable to present anything other than speculation as to hidden assets. Nevertheless, the Magistrate found

[10] *See United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

"deceptiveness." None of these conclusions are supported by the record developed by the Government at the hearing, or in the period allowed by the Court to enter additional materials into the record.

A finding of serious risk of flight cannot be justified solely by the seriousness of the crime or its penalty. *White*, 2021 WL 2155441 at *13. "Serious flight risk" is narrower than "flight risk" and is "distinct from risk of non-appearance". *Id*. at 10.

V. The Magistrate Did Not Consider All Reasonable Alternatives to Detention

The Court must consider all reasonable alternatives to detention. When a personal recognizance bond is insufficient, the officer must choose "the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person in the community. . ." 18 U.S.C. § 3142(c)(1)(B). *See United States v. Infelise*, 3 934 F.2d 103, 107 (7th Cir. 1991) (holding that under § 3142(e) defendants on racketeering charges were entitled to further consideration of electronic ankle bracelets, rather than continued detention, as a less restrictive condition). In other words, the Court must consider all reasonable less restrictive means to detention. *See* § 3142(e).

In determining whether conditions exist that will reasonably assure the appearance of defendant as required and the safety of any other person and the community, the Court should take into account:

1. the nature and circumstances of the offense charged including whether the offense is a crime of violence, a violation of section 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

2. the weight of the evidence against the person;

3. the history and characteristics of the person, including –

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history related to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings; and
>
> (B) whether the time of the current offense or arrest, the person was on probation, on parole, or on any release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

4. the nature and seriousness of the danger to any person or the community that will be posed by the person's release.

See 18 U.S.C. § 3142(g). Furthermore, the "act requires a progression from one choice to the next in a judicial officer's determination of whether pretrial detention is called for." *Maull*, 773 F.2d at 1482 (citing *United States v. Orta,* 760 F.2d 887, 890 (8th Cir.1985) (en banc)). The Magistrate's order does not indicate that she weighed and considered whether any of the options for release on conditions in § 3142(c)(1)(B) (I)-(xiv) would assure the appearance of the Defendant. Likewise, the Government did not show even by a preponderance that none of these conditions would be sufficient.

VI. <u>This Court Can Fashion Conditions of Release Which Reasonably Assure the Appearance of the Defendant</u>

In a case such as this, which does not involve violence, drugs, guns, bank robbery, or terrorism, there is a presumption of release on a personal recognizance without any conditions. See § 3142(b). Mr. Jawahar should be released with or without conditions. Having shown no danger to any person or to the community, and having demonstrated no serious risk of flight, this Court should order Mr. Jawahar immediately released pending his trial, with the least restrictive condition(s) necessary, including electronic monitoring, house arrest, and/or the payment of a bond.

Respectfully submitted,

NEWTON BARTH, L.L.P

By: */s/ Talmage E. Newton IV*
Talmage E. Newton IV, MO56647
talmage@newtonbarth.com
555 Washington Ave., Ste. 420
St. Louis, Missouri 63101
(314) 272-4490 - Office
(314) 762-6710 - Facsimile

*Attorney for Defendant Jawahar*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was electronically served on all parties of record and filed with the court via the court's e-filing System on this 19th day of March 2024.

*/s/ Talmage E. Newton IV*