UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-CR-00718-ZMB-SPM |
| | ) | |
| SIDDHARTH JAWAHAR, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Defendant Sidarth Jawahar is charged in an indictment with three counts of wire fraud, in violation of 18 U.S.C. §1343, and one count of investment adviser fraud, in violation of 15 U.S.C. §80b-6(1), 80b-6(2), 80b-6(4) & 80b-17. The indictment alleges Defendant executed a $35 million Ponzi scheme to fund a lavish lifestyle by making material misrepresentations to, and concealing material information from, investors. All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b). Currently pending before the Court is Defendant's pretrial motion to Strike Surplusage from the Indictment [ECF No. 53]. For the reasons stated below, the Court recommends that the motion be denied.

**BACKGROUND AND PROCEDURAL HISTORY**

On December 20, 2023, a grand jury returned a four-count indictment against Defendant, charging him in Counts One through Three with wire fraud and in Count Four with Investment Adviser Fraud. ECF No. 2. Defendant was arrested on January 8, 2024, in the Southern District of Florida, and appeared in this district on February 8, 2024. Defendant retained the services of Talmage Newton, IV, who entered on behalf of Defendant on February 9, 2024. Following his arraignment, the Court set Defendant's preliminary pretrial motion deadline for April 8, 2024. The undersigned continued the pretrial motion deadline multiple times, in the interest of justice, until January 8, 2025.

On January 8, 2025, Defendant filed the pending Motion to Strike (ECF No. 53).[1] The Government has responded to Defendant's motion. ECF No. 56.

On February 12, 2025, Defendant's attorney, Talmage Newton, filed a motion to withdraw as defense counsel. ECF No. 61. Following a hearing, on February 28, 2025, the Court granted Mr. Newton's motion to withdraw as counsel for Defendant and, at Defendant's request, appointed the Federal Public Defender ("FPD") to represent Defendant going forward. Due to a conflict, the Court granted the FPD's motion to withdraw and, on March 11, 2025, appointed conflict-free counsel Levell Littleton under the Criminal Justice Act. *See* ECF Nos. 71 & 72.

On April 29, 2025, the Court conducted a status hearing with Defendant, his CJA appointed attorney, Levell Littleton, and Assistant United States Attorney Derek Wiseman appearing on behalf of the United States. The parties discussed the pending pretrial motions, the potential for additional motions, and the status of discovery review. Defendant moved for more time to file additional pretrial motions. For the reasons stated on the record the Court granted the motion and set a pretrial motion deadline of June 30, 2025. *See* ECF No. 79.

On May 28, 2025, Defendant filed a Motion for Complex Case Finding and to Continue Trial Date Beyond Limits Set by the Speedy Trial Act, which was unopposed by the United States. ECF No. 80. The Court granted the motion and designated the case as complex. *See* ECF No. 81. In the interest of justice, the Court granted additional requests to extend the deadline for filing additional pretrial motions, and on September 5, 2025, within the deadlines established by the Court, Defendant filed a Notice indicating that he did not intend to file any additional pretrial motions. ECF No. 88. On September 15, 2025, Defendant notified the Court that he was not requesting a hearing on his pending pretrial motions. Defendant's pretrial motions are therefore fully briefed and ready for a ruling.

---

[1] On the same date, Defendant also filed a Motion to Transfer Venue [ECF No. 54], which will be addressed in a separate Report and Recommendations.

## Discussion

Defendant moves, pursuant to Fed. R. Crim. P. 7(d), to strike language in the indictment he asserts is irrelevant, unnecessary and prejudicial surplusage. ECF No. 53. Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that the indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Under Fed. R. Crim. P. 7(d), a court may strike surplusage from the indictment upon a defendant's motion. Rule 7(d) provides "a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." Fed. R. Crim. P. 7(d) advisory committee's note to 1944 adoption. However, the Eighth Circuit has repeatedly held that "[a] motion to strike surplusage from an indictment is a matter within the court's discretion" and "should be granted only where it is clear that the allegations contained therein are not relevant to the charge made or contain inflammatory and prejudicial matter." *United States v. DeRosier*, 501 F.3d 888, 897 (8th Cir. 2007); *see also United States v. Michel-Galaviz*, 415 F.3d 946, 948 (8th Cir. 2005) (quoting *Dranow v. United States*, 307 F.2d 545, 558 (8th Cir. 1962)). As courts in this district have recognized, motions to strike surplusage are "rarely granted" because they are subject to an "exacting standard." *See United States v. Saggar,* No. 4:23CR00380 SRC, 2024 WL 2717706, at *4 (E.D. Mo. May 28, 2024) *(*quoting *United States v. Bucey, 691 F. Supp. 1077, 1081 (N.D. Ill. 1988)); United States v. Lewis,* No. 1:18CR81 SNLJ ACL, 2019 WL 1715661, at *6 (E.D. Mo. Mar. 18, 2019).

In this case, Defendant seeks to strike three types of assertions in the indictment: (i) the "Introduction" paragraph, which describes the alleged scheme; (ii) assertions that Defendant spent investors' money on "luxury" lifestyle choices that were "lavish" and "extravagant" or "luxury;" and (iii) assertions that the Texas State Securities Board ordered Defendant to "cease and desist from engaging in fraud" ("TSSB Order"). Defendant contends these assertions should be stricken as irrelevant, unnecessary, and prejudicial surplusage. *See* ECF No. 53, at p. 1, 7. In response, the United States contends that Defendant's motion should be denied first, because it seeks to strike information

that is relevant to issues the government plans to prove at trial, ECF No. 56, at p. 3, and second, because even if the language is not relevant, Defendant has failed to demonstrate prejudice. *Id.* at p. 9-10. The Court will address each of these arguments in turn.

## I. RELEVANCE

In considering whether to grant a Rule 7(d) motion to strike surplusage, courts in this district have held that "legally relevant information is not surplusage" no matter how prejudicial it might be. *Saggar*, 2024 WL 2717706, at *4 (quoting *Bucey*, 691 F. Supp. at 1081); *United States v. Palmer*, No. 4:13CR338 RWS, 2014 WL 2217314, at *2 (E.D. Mo. May 29, 2014) (holding "if the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be."). Under Federal Rule of Evidence 401, "[e]vidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." *Palmer*, 2014 WL 2217314 at *2 (quoting Fed. R. Evid. 401) (internal quotations omitted)). In order to convict Defendant of wire fraud, the United States will have to prove that Defendant "[1] voluntarily [participated in] a scheme to defraud another out of money, [2] that he did so with the intent to defraud, [3] that it was reasonably foreseeable interstate wire communications would be used, and [4] that interstate wire communications were used." *United States v. Jefferson,* 652 F.3d 927, 930 (8th Cir. 2011) (quoting *United States v. Anderson,* 570 F.3d 1025, 1030 (8th Cir.2009) (alterations in original)). To the extent the assertions Defendant seeks to strike would be of consequence in establishing any of the foregoing elements if proven at trial, the assertions are relevant and not subject to being stricken under Rule 7(d). [2]

---

[2] This Court agrees with previous decisions in this district that have declined an invitation (like the one extended by Defendant in this case) to engage in Rule 403 balancing of probative value and prejudicial impact in ruling on a motion to strike surplusage. *See United States v. Barford,* No. 4:03CR434 CEJ DDN, 2004 WL 5645086, at *17 (E.D. Mo. Apr. 23, 2004) (holding that,"[w]hether such evidence ultimately might be excluded under Federal Rule of Evidence 403 is

### A. The Introduction section of the indictment

Defendant asserts the "Introduction" section of the indictment and other challenged language "contain[s] descriptions and characterizations of alleged behavior that are well beyond what is needed to comply with the plaint, concise, and definite written statement of the *essential facts* set forth by Rule 7(c)." ECF No. 53, at ¶8-9. [3] However, courts have held that it is appropriate for an indictment to include language that is "in a general sense relevant to the overall scheme charged" even if the challenged language does not go to "essential elements of the offense." *United States v. Tucker*, No. S14:06CR337 CEJ MLM, 2007 WL 7714937, at *2 (E.D. Mo. Dec. 11, 2007) (quoting *United States v. Yeaman*, 987 F. Supp. 373, 376–77 (E.D. Pa. 1997)). Indeed, courts in this district have recognized that "in factually and legally complex cases, background information is particularly helpful for contextualizing the criminal conduct alleged." *Barford*, 2004 WL 5645086 at *18 (quoting *United States v. Augustine Med., Inc.*, No. 03–321(1–8), 2004 WL 502183, at *4 (D. Minn. Mar. 11, 2004)); *Lewis*, 2019 WL 1715661, at *6; *see also United States v. Brown*, No. 19-00263-01-CR-W-DGK, 2022 WL 68953, at *2 (W.D. Mo. Jan. 6, 2022) ("The Court finds that the alleged criminal conduct is complex . . . the paragraphs of the Indictment which have been challenged . . . provide useful context to the allegations made in the Indictment."). As such, even if the Introduction paragraph does not go to essential elements of the offense, it appears to be in a general sense relevant to describing the overall scheme that forms the basis of the charged offense.

---

not an issue before the undersigned" in his "motion to strike surplusage" analysis), *overruled on other grounds in Kousisis v. United States,* 605 U.S. ___, 145 S.Ct. 1382, 221 L.Ed.2d 781 (2025).

[3] The "Introduction" section of the indictment consists of one paragraph that states:

> During his scheme to defraud, Defendant Siddharth Jawahar took tens of millions of dollars from his investors. Instead of making the investments that he promised to make on his investors' behalf, however, Defendant spent his investors' money on Ponzi scheme payments to previous investors and extravagant lifestyle expenses, including payments for flights on private planes, stays at luxury hotels, and expensive outings at lavish restaurants.

ECF No. 2, at ¶1.

Defendant further asserts that referring to the alleged conduct as a "Ponzi scheme," as the Introduction paragraph does, and use of the other challenged language is "unnecessary," "not legally relevant," seeks to "inflame rather than lay out alleged crimes" and is "Government advocacy [that] do[es] not relate to allegations that the government must establish as part of its case." ECF No. 53, at p. 3-5. A similar argument was considered and rejected by a court in this district in *United States v. Palmer*, 2014 WL 2217314. The defendant in *Palmer* moved to strike sections of the indictment alleging that he conducted a "Ponzi-type" scheme in committing Wire Fraud. *Id.* at *2. The court denied the motion to strike noting, first, that "[t]o establish an offense of mail and/or wire fraud, the government must prove, inter alia, a scheme or artifice to defraud." *Id.* at *2 (citing 18 U.S.C. §§ 1341, 1343). The court concluded the "Ponzi-type" scheme allegations in the indictment were "relevant to showing defendant's conduct in furtherance of the overall scheme to defraud." *Id.* The *Palmer* court reasoned that notwithstanding the defendant's assertions that the allegations were "highly inflammatory and highly prejudicial to his defense, such matters may be material and relevant to showing the defendants' specific intent to defraud which is necessary to show a scheme or artifice to defraud." *Id.* The court held "if the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be." *Id.* (quoting *United States v. Climatemp, Inc.,* 482 F. Supp. 376, 391 (N.D.Ill.1979) (denying motion to strike portions of the indictment that gave relevant background information about the sheet metal industry in Chicago), *aff'd sub nom., United States v. Reliable Sheet Metal Works, Inc.,* 705 F.2d 461 (7th Cir.1983)).

This Court finds the reasoning of *Palmer* highly persuasive. Considering the similarity of the facts and arguments in *Palmer* to the facts and arguments in this case, the undersigned will adopt the reasoning of *Palmer* and recommend denying Defendant's motion to strike the Introduction to the indictment because it is material and relevant to showing Defendant's intent to defraud and includes information the government will attempt to prove at trial.

### B. Lavish Lifestyle and Similar Language

Defendant argues that assertions in the indictment that he spent his investors' money on extravagant lifestyle expenses including payments for flights on private planes, stays at luxury hotels and expensive outings at lavish restaurants do not relate to allegations the government must establish at trial. ECF No. 53, at p. 6. In response, the United States argues these assertions go to establish Defendant's motive for the scheme and, if proven, also go to the crux of Defendant's scheme—namely, that Defendant lied to his investors when he told them he would use their funds for investments. *See* ECF No. 56, at p. 5-6.

Considering the charges, Defendant's assertions that the lavish lifestyle language is surplusage lacks merit. The Eighth Circuit has recognized that "proof of one's involvement in an actual misrepresentation is relevant and admissible" against a defendant in a fraud trial. *United States v. Noland*, 960 F.2d 1384, 1388 (8th Cir. 1992) (*citing United States v. Lanie*r, 838 F.2d 281, 284 (8th Cir. 1988)). Likewise, evidence of a fraud defendant's "motive" is also "generally admissible." *Id*. Because the "lavish" lifestyle and similar language in the indictment is relevant information the United States intends to prove at trial, Defendant's motion to strike that language should be denied.

### C. Texas State Securities Board Cease and Desist Order

Finally, Defendant moves to strike as irrelevant references in the indictment that he "attempted to conceal his fraud from [. . .] investors . . . by failing to notify investors—prior to taking their money—that the Texas State Securities Board ordered Defendant to 'cease and desist from engaging in fraud [("TSSB Order")].'" *See* ECF No. 53, at p. 4. However, the Eighth Circuit and other circuit courts have consistently held that the concealment of a cease-and-desist order, like the TSSB Order here is relevant evidence in a fraud trial.

For example, in *United States v. Hawkins*, 796 F.3d 843 (8th Cir. 2015), the Eighth Circuit held that the defendant's failure to disclose "to prospective investors" a Missouri Secretary of State

Securities Division "Cease and Desist Order" was critical evidence in showing that the defendant conspired to commit securities fraud and wire fraud. *Id.* at 869 (*citing United States v. Bessesen*, 433 F.2d 861, 864 (8th Cir. 1970)). Similarly, in *Bessesen*, the "government charged that the defendant had misled investors by . . . concealing material facts. Among the facts alleged to have been concealed was the existence of the California Cease and Desist Order." *Id.* at 864. When the relevance of that allegation was challenged, the court held that "the jury was properly allowed to consider whether the defendant's failure to advise the California investors of the Order was the misleading concealment of a material fact." *Id.*

Other circuit courts of appeals have reached the same conclusion as the Eighth Circuit. *See United States v. Ramer*, 883 F.3d 659, 669 (6th Cir. 2018) (holding that, at a fraud trial involving "allegations that both Defendants failed to disclose material facts to prospective investors," the district court properly "permitted the jury to learn of regulatory actions in California and Arizona that directed Defendant Ramer to cease and desist the sale of unregistered securities"); *United States v. Anderson*, 558 F. App'x 454, 462 (5th Cir. 2014) ("The Cease and Desist Order surely goes to their intent to defraud and knowledge of the unlawfulness of the conspiracy."); *United States v. Gish*, 518 F. App'x 871, 875 (11th Cir. 2013) (evidence regarding Georgia investigation of investment scheme that resulted in cease and desist order and civil fine was admissible in wire fraud trial).

In sum, allegations in the indictment regarding Defendant's concealment of the TSSB Order are relevant to the charged offenses and should not be stricken as surplusage.

## II. Prejudice

Defendant's motion to strike fails even if this Court were to somehow determine that the language he seeks to strike from the indictment is irrelevant. The Eight Circuit and courts in this district have held that "the mere presence of surplusage, absent prejudice, does not require striking language from the indictment." *United States v. Johnson*, No. S14:18CR565 CDP JMB, 2019 WL

2453825, at *5 (E.D. Mo. Mar. 28, 2019) (emphasis added) (citing *United States v. Ross*, 210 F.3d 916, 923 (8th Cir. 2000)); *see also United States v. Sherman*, 440 F.3d 982, 986 (8th Cir. 2006) ("[W]e will find error only if the surplusage is prejudicial and the district court abused its discretion in failing to strike it.").

Here, Defendant speculates that he could be prejudiced if the challenged language is not stricken, and the jury is permitted to take the charging document into their deliberations. *See* ECF No. 53, at p. 4. However, courts in this and other districts have consistently held that "potential prejudice to the defendant, if any, can be cured by instructions which may be given to the jury at the time of trial, including an instruction that the charging document itself is not evidence." *United States v. Haning*, No. 4:18CR139 RWS NAB, 2019 WL 9834329, at *15 (E.D. Mo. Aug. 20, 2019) (quoting *Palmer*, 2014 WL 2217314, at *2); *see also Tucker,* 2007 WL 7714937, at *2 (holding that a jury "instruction that the charging document is not itself evidence will preclude unfair prejudice"); *Johnson*, 2019 WL 2453825, at *5 ("Any issues in this regard may be adequately addressed by the District Judge at trial with appropriate jury instructions").

Defendant has not even attempted to articulate why an appropriate instruction at trial would not preclude any real or imagined prejudice that could result from allowing the challenged language to remain in the indictment. His motion fails under the weight of the cases that have consistently held otherwise.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that Defendant's motion to strike surplusage be denied.

In accordance with the Memorandum Opinion above,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Strike Surplusage from the Indictment (ECF No. 53) be **DENIED.**

The parties are advised that they have fourteen (14) days in which to file written objections to this recommendation and determination. Failure to timely file objections may result in waiver of the right to appeal questions of fact. *Thompson v. Nix,* 897 F.2d 356, 357 (8th Cir. 1990).

Trial in this case will be conducted before the **Honorable Zachary M. Bluestone**. Judge Bluestone will enter a separate order setting the trial date.

Dated: October 16, 2025.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE