IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:23CR00718-1 ZMB |
| SIDDHARTH JAWAHAR | ) | |
| Defendant. | ) | |

**DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

Comes now Defendant, Siddharth Jawahar, by and through his attorney Levell D. Littleton and pursuant to Rule 32(f) objects to the following paragraphs in the Pre- Sentence Investigation Report:

**PART A: THE OFFENSE**

**Paragraph 21, 28 and 91– Victim impact**

Defendant Jawahar objects to the language in Paragraph 21 and 28, where it reads that F.G. (Fred Goad), hereinafter "Mr. Goad", suffered a loss of $2,500,000 million and is owed restitution of $2,418,749.00.

Defendant Jawahar submits that Mr. Goad, acquired an ownership stake in Swiftarc Capital, LLC. When Swiftarc Capital LLC wound down his ownership interest transferred to Swiftarc Ventures, LLC. With Swiftarc Ventures wound down his ownership interest transferred

to Beauty Fund GP. Upon information and belief, said economic interest in the Beauty Fund still exist today.

Defendant Jawahar submits that Mr. Goad utilized the claimed amount as part of a capital-loss treatment with the IRS pursuant to an omnibus agreement executed in or around 2023. While tax treatment alone may not automatically extinguish restitution exposure, restitution under the Mandatory Victims Restitution Act is compensatory—not punitive—and must reflect actual uncompensated pecuniary harm rather than duplicative recovery. *See* 18 U.S.C. §3663A; see also *United States v. Ruff* (restitution intended to compensate victims for actual losses); *United States v. Chalupnik* (restitution tied to actual loss); *United States v. Shepard* ("The victim is entitled to be made whole, not to a windfall."). Accordingly, recognizing the full $2.5MM as uncompensated loss and separately awarding restitution to Mr. Goad's estate risks windfall treatment inconsistent with the compensatory purpose of the MVRA and may materially overstate actual remaining pecuniary harm.

For the foregoing reasons, Defendant Jawahar objects to said inclusion of Mr. Goad's claimed amount

**Paragraph 35 – Specific Offense Characteristics**

Defendant Jawahar objects to the language in Paragraph 35, where it reads that Defendant Jawahar is accountable for a loss of $36,057,984.16. Defendant Jawahar submits the loss amount alleged does not take into credits that must be applied pursuant to USSG §2B1.1, comment. (n.3(D)) ("Loss shall be reduced by the following: the money returned, and the fair market value of the property returned, and the services rendered, by the defendant or other

persons acting jointly with the defendant, to the victim before the offense was detected.") (Emphasis added).

In the Plea Agreement, the parties stipulated that Defendant Jawahar "took approximately $35,607,984.16 from his investors," not $36,057,984.16 as alleged in Paragraph 35. *See* ECF Doc. 104 at 3. The plea agreement also noted that Defendant Jawahar actually "invested approximately $10,081,248.55," Id. and spent "over $600K on business expenses." *Id.* at 5. Said language is also noted in the PSR. *See* PSR par. 11. Accordingly, Defendant Jawahar submits that the amount "taken in" from investors minus the aforementioned credits would result in a lower loss amount than the one reflected in paragraph 35. Therefore, pursuant to USSG §2B1.1 Defendant Jawahar objects to the loss amount in paragraph 35.

**Paragraph 40 – Obstruction of Justice**

Defendant Jawahar objects to the language in Paragraph 40, where it reads that Defendant Jawahar obstructed justice in the prosecution of this case pursuant to USSG §3C1.1 and thus two points should be added to his offense level. The factual basis for this enhancement, stemmed from conversations Defendant Jawahar made, post arrest with victim S.E. and his sister. Specifically, the PSR stated that Defendant Jawahar contacted victim S.E., from the jail, and stated to S.E. "be dedicated" and contacted his sister and told her to use an iPad to erase his phone. See PSR p. 22 & 25. The undersigned will attempt to address each factual basis, in turn.

Regarding victim S.E., he (S.E.) informed investigators that he believed the statement "be dedicated" meant to provide limited information to investigators and not throw Defendant Jawahar "under the bus". See PSR par. 22. Defendant Jawahar submits that the aforementioned

language was not used to threaten, intimidate, or otherwise unlawfully influence S.E. Mr. Jawahar did not state nor imply to witness S.E. to commit perjury to investigators. Mr. Jawahar was simply trying to encourage his friend, S.E., to be "strong" in the intimidating environment of an F.B.I. interrogation. S.E. did not ask Defendant Jawahar what he meant by the aforementioned language nor to Defendant Jawahar define what he meant by said language.. Therefore, for the probation office to use the aforementioned language to conclude Defendant Jawahar was implying to S.E. to provide limited information to investigators, amounts to speculation, and should not serve as a basis for enhancement under USSG §3C1.1.

As it pertains to Defendant Jawahar's language to his sister to "use the iPad to erase the phone". See PSR par. 25. Defendant Jawahar submits that said language was taken out of context by the government and was not used to materially obstruct or impede an ongoing investigation. First, as we know, Defendant Jawahar was already indicted by the Grand Jury of the Eastern District of Missouri at the time of his jail call with his sister, and thus the investigation had, materially, ended. Second, and more importantly, the phone was already in the hands of law enforcement, and the materials on said phone were stored on the "cloud." Therefore, it would have been, virtually, impossible for any items to be erased by his sister. Lastly, Defendant Jawahar submits that he merely told his sister said language because his phone contained sensitive personal information, i.e. text messages with other women, that he did not want known by his partner, not for her to obstruct any investigation.

For the foregoing reasons, Defendant Jawahar respectfully objects to paragraph 40 and its application of USSG pursuant to §3C1.1.

**Paragraph 44 and 82 – Chapter Four Adjustment for Zero-Point Offender**

Defendant Jawahar objects to the language in Paragraph 44, where it reads that Defendant Jawahar should not receive a two-point downward adjustment of his offense level for being a Zero-Point Offender. Defendant Jawahar submits that he is a Zero-Point Offender because he meets all criteria set out in USSG §4C1.1(a) and (b) and should receive a two-point downward adjustment.

To qualify for a Chapter Four adjustment for Zero-Point Offender, the defendant must meet all criteria under USSG §4C1.1(a)(2)-(1)(10). Here, the PSR states that the defendant meets all criteria except USSG §4C1.1(a)(6) and, therefore, is ineligible for a two-point adjustment. See PSR p. 82. The PSR's analysis was based on several Victim Impact letters in which the victims stated they suffered substantial financial hardships as a result of Defendant Jawahar. *Id.* Defendant Jawahar submits that these statements, alone, without specific evidence corroborating the claims of the victims financial status, should not serve as a basis for denial of the Zero-Point Offender adjustment. Moreover, the use of said statements, as factual evidence in the PSR, is akin to denying Defendant Jawahar relief on his offense level without sufficient evidence in the record supporting the claim of substantial financial hardship by the victims. *See United States v. Wise*, 976 F.2d 393, 404 (8th Cir. 1992) (en banc) ( recognizing that, even at sentencing, a "presentence report is not evidence and is not a legally sufficient basis for making findings on contested issues of material fact" (citation omitted).

Importantly, the government has agreed, in the plea agreement that a two-level reduction for Zero-Point Offender was applicable pursuant to §4C1.1(a) and (b). *See* PSR p. 2 & 82. This is important, because the government was in the best position to determine the impact of Defendant Jawahar's financial crimes. The United States Attorney's Office worked closely with

the F.B.I. and other law enforcement agencies to investigate and prosecute this case. They are familiar with the victims and their financial circumstances. Importantly, Defendant Jawahar states that he and his companies did not seek out individuals with a net worth of less than $20,000,000. Therefore, for the probation office to conclude that these individuals suffered a substantial financial loss based on a Victim Impact letter, without doing a thorough financial investigation into said individuals and factually determining that said statements were materially true, was an error and should be overruled by this court.

For the foregoing reasons, Defendant Jawahar objects to the determination that Zero-Point Offender is not applicable in this case and request that two-points be deducted from his applicable guideline range.

**PARAGRAPH 41- Adjusted Offense Level Computation**

Defendant Jawahar objects to the language in Paragraph 41, where it reads that his total adjusted offense level is 37. Based on Defendant Jawahar's objections to paragraph 40. Defendant Jawahar submits that his adjusted offense level should be 35

**PARAGRAPH 45- Total Offense Level Computation**

Defendant Jawahar objects to the language in Paragraph 45, where it reads that his total offense level is 34. Based on Defendant Jawahar's objections to paragraph 44, 40. Defendant Jawahar submits that his total offense level should be 30.

**PART D: SENTENCING OPTIONS**

**PARAGRAPH 76- Guideline Provisions**

For those reasons set forth in his objections to Paragraphs 40, 41, 44, 45 Mr. Jawahar objects to the language that the guideline range is 151-188 months. Based on the aforementioned objections, Mr. Jawahar submits that his guideline range of imprisonment should be 97-121 months.

Respectfully submitted,

/s/ Levell D. Littleton
LEVELL D. LITTLETON #49158MO
Attorney for Defendant Jawahar
200 So. Bemiston, Ste. 311
Clayton, MO 63105
Telephone: (314) 651-9387
Fax: (314) 328-5278
Email: levellittleton@cs.com

CERTIFICATE OF SERVICE

A copy of the foregoing was sent via the Court's ECF system this 1 day of June, 2026 to: Assistant United States Attorney Wiseman at his address of record.

/s/ Levell D. Littleton