UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23CR00718 ZMB |
| | ) |
| SIDDHARTH JAWAHAR, | ) |
| | ) |
| Defendant. | ) |

**MOTION OF THE UNITED STATES**
**FOR A PRELIMINARY ORDER OF FORFEITURE**

COMES NOW the United States of America, by and through its attorneys, Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Ricardo Dixon, Assistant United States Attorney for said District, and moves this Court to issue a Preliminary Order of Forfeiture in the above-captioned case. In support thereof, the United States sets forth the following:

1. On January 21, 2026, Defendant Siddharth Jawahar pleaded guilty to offenses of Wire Fraud, in violation of Title 18, United States Code, Section 1343; and also agreed, in writing in the Guilty Plea Agreement, to the forfeiture set for the in the forfeiture allegation of the Indictment, which includes any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result Defendant's offenses, pursuant to Title 18, United States Code, Section 982(a)(2).

2. Defendant also agreed to the entry of a forfeiture money judgment against Defendant and in favor of the United States equal to the amount of restitution determined at

sentencing, which represents the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result Defendant's offenses.

3. At of the time of this Motion, the United States has not identified any specific property subject to forfeiture, nor has it identified any property warranting forfeiture as a substitute asset pursuant to Title 21, United States Code, Section 853(p).

4. Rule 32.2(b)(2)(C) of the Federal Rules of Criminal Procedure provides that if the Court cannot identify specific property subject to forfeiture, it may enter a forfeiture order describing the property to be forfeited in general terms and stating that the order will be amended under Rule 32.2(e) when additional specific property is identified.

5. Because the United States does not seek to forfeit any specific property at this time, notice to third parties is not required under Rule 32.2(b)(6)(A). In addition, Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

6. Pursuant to Rule 32.2(b)(4)(A) and Defendant's Guilty Plea Agreement, the Preliminary Order of Forfeiture becomes final as to Defendant upon entry.

7. Pursuant to Rule 32.2(b)(4)(B), the Court must include the forfeiture when orally announcing the sentence or must otherwise ensure Defendant knows of the forfeiture at sentencing. The Court must also include the forfeiture order, directly or by reference, in the judgment, but the Court's failure to do so may be corrected at any time under Rule 36.

WHEREFORE, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, the United States moves this Court to enter a Preliminary Order of Forfeiture forfeiting any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result Defendant's

offenses, and that includes a forfeiture money judgment against Defendant and in favor of the United States. Pursuant to Rule 32.2(b)(3), the United States also requests authority to conduct any discovery permitted by the Federal Rules of Civil Procedure in order to identify, locate, or dispose of any property subject to forfeiture under this order, including depositions, interrogatories, subpoenas, and requests for production. The United States submits herewith its proposed Preliminary Order of Forfeiture.

Dated: June 18, 2026

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney

*/s/ Ricardo Dixon*

RICARDO DIXON, #70026(MO)
Assistant United States Attorney
111 South 10th Street, Suite 20.333
Saint Louis, Missouri 63102
Telephone: (314) 539-2200
Ricardo.Dixon@usdoj.gov