**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cr-00718-ZMB |
| | ) | |
| SIDDHARTH JAWAHAR, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM (DOC. 148).**

The United States of America, by and through Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Derek J. Wiseman, Assistant United States Attorney for said District, files this Response to Defendant Jawahar's Sentencing Memorandum (Doc. 148).

## I. Defendant Jawahar's Latest Objections to the Presentence Investigation Report Are Untimely and Not Properly Before This Court.

In his Sentencing Memorandum, Defendant Jawahar includes time-barred PSR objections. *See* Doc. 148, pp. 3–6. Defendant Jawahar filed these PSR objections more than three months after the deadline set by this Court, and he has not articulated any good cause for the delay. *See* Doc. 118 ("Jawahar must file any objections to the PSR no later than June 1, 2026."). Because Defendant Jawahar's PSR objections are untimely—and also because he has not established good cause for the delay—this Court should reject his recent arguments.

In addition to being time-barred, Defendant Jawahar's latest PSR objections also include a breach of the Plea Agreement. Indeed, the Plea Agreement clearly states that "[t]he parties agree that **22 levels** should be added pursuant to Section 2B1.1(b)(1)(L) because the loss exceeds $25,000,000, but does not exceed $65,000,000." Doc. 104, p. 9 (emphasis in original). But, instead of the "+22 upward adjustment" that the parties agreed to in the Plea Agreement, Defendant

Jawahar now requests that this Court impose "**an upward adjustment of only 20**" based on proposed amendments to Section 2B1.1 that are not in effect. *See* Doc. 148, p. 4 (emphasis added). This request for a Guidelines reduction under Section 2B1.1(b)(1) violates the express terms of the plea agreement and should be rejected by this Court.

## II. Defendant Jawahar's Sentencing Memorandum Repeatedly Contradicts His Own Statements to FBI Agents That His Crimes Were Motivated by Greed.

Throughout Defendant Jawahar's Sentencing Memorandum, he repeatedly asserts the same false claim:

- "Mr. Jawahar did not commit these crimes out of greed." Doc. 148, p. 9;
- "The Government's Greed Narrative Further Debunked" *Id.*
- "The Government's claim that the motivation for these crimes was simply 'insatiable greed,' Doc. 123, at pp. 1, 3–4, is not accurate." *Id.*

These false statements not only ignore Defendant Jawahar's theft of $36 million to enrich himself, but they also flatly contradict his own statements to the FBI. During his interview with the FBI, Defendant Jawahar put it plainly: He "**did this because of greed,** any other adjective would be incorrect." Doc. 121-1, p. 4 (emphasis added). As he has already admitted, Defendant Jawahar's crimes were unquestionably motivated by greed. His refusal to admit that basic and obvious fact further demonstrates his unwillingness to accept the full weight of his culpability.

Defendant Jawahar continues to deny the reality of his crimes by making yet another false claim in his Sentencing Memorandum: that "every dollar was spent in connection with Swiftarc business events." Doc. 148, p. 10. Similarly, Defendant Jawahar once again contradicts his own statements to the FBI by stating, "[w]hat is missing from this record is the kind of true personal enrichment with extravagant spending on lifestyle expenses." *Id.* But, during his interview with the FBI, Defendant Jawahar—once again—openly admitted that he "**primarily used the funds**

**from these fraudulent investments for personal consumption**." Doc. 121-1, p. 4 (emphasis added).

The undisputed facts establish this simple truth. There can be no dispute that Defendant Jawahar "used Swiftarc investor dollars to fund extravagant expenses—financing flights on private planes, stays at luxury hotels, and expensive outings at lavish restaurants." Doc. 104 ("Plea Agreement"), p. 5. Defendant Jawahar's recent effort to recast his use of investors' funds as "business" expenses not only contradicts his statements to the FBI but also runs contrary to the facts. During his scheme to defraud, Defendant Jawahar used millions of dollars in his investors' money to enrich himself, including using hundreds of thousands of dollars to fund his membership at private clubs across the country. Those private clubs include: the Zero Bond Club, the Montecito Club, the Core Club, the Ned Club, the Soho House, the Ludlow House, and the Club at Casa Cipriani New York. Defendants Jawahar also spent tens of thousands of investor-dollars on clothing and accessories, including by making purchases at:

- Bloomingdales
- Bonobos
- Brooks Brothers
- Gucci
- Hemline
- Hugo Boss
- J Crew
- James Perse
- Johnston & Murphy
- Louis Vuitton
- Mir Fashion
- Montblanc
- Neiman Marcus
- Nike
- Perfumania
- Prada
- Ralph Lauren
- Rent the Runway

- Saks Fifth Avenue
- Thomas Pink

During his scheme to defraud, Defendant Jawahar also used $164,000 in investors' funds to pay for a luxury apartment in New York and another $363,280 on a luxury apartment in Austin, Texas.

Based on the undisputed facts, there can be no doubt that Defendant Jawahar used his investors' money to enrich himself. By falsely claiming that "every dollar was spent in connection with Swiftarc business events"—in contravention of the financial records and his own admissions—Defendant Jawahar once again reveals his unwillingness to fully accept responsibility for his criminal conduct.

## III. Defendant Jawahar's Stated Intention to Pay Restitution is Belied by His Actions and Recorded Admissions.

In his Sentencing Memorandum, Defendant Jawahar boldly declared that his efforts on the "repayment of restitution have been extraordinary." Doc. 148, p. 14. But his actions and admissions show otherwise. To date, Defendant Jawahar has not paid back a single dollar of the $31 million that he owes his victims in restitution. And, in a recent recorded jail call, Defendant Jawahar admitted that he has no intention of ever doing so. In fact, during a recorded conversation with Caroline Tredway on June 30, 2026, Defendant Jawahar made the following statement: "**the restitution, I am not worried about because restitution never gets paid. In my case, I know it will get commuted**."

Defendant Jawahar's recent actions are consistent with his recorded admission. Instead of paying restitution to his victims, Defendant Jawahar chose to pay (a yet-undisclosed amount) for a Harvard psychiatrist to produce a 25-page report for him.[1] Notably, Defendant Jawahar chose to

[1] While Defendant Jawahar informed the psychiatrist that "[h]e sought out in-person psychotherapy for a period of months" in 2023, *see* Doc. 148-1, p. 17, it is notable that Defendant

do this after telling this Court that he was indigent. *See* Doc. 69 ("CJA 23 Financial Affidavit by Siddharth Jawahar"). Ultimately, through his actions and admissions, Defendant Jawahar has made his motivations clear. He is still putting himself ahead of his victims.

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney

*/s/ Derek J. Wiseman*
DEREK J. WISEMAN, #67257MO
Assistant United States Attorney
111 S. 10th Street, Rm. 20.333
St. Louis, Missouri 63102
(314) 539-2200

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel for the defendant.

/s/ Derek J. Wiseman
DEREK J. WISEMAN #67257MO
Assistant United States Attorney

---

Jawahar made contradictory statements to the Pretrial Services Office when he was trying to be released on bond in this case. *See* Doc. 21-1, p. 3 ("The defendant indicated no history of mental health treatment.").